JOHN W. BERRY *v.* B. F. BRANHAM ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—756.]

**New Trial on Newly Discovered Evidence.**

> A new trial will not be granted on the ground of newly discovered evidence even if due diligence is shown if the evidence discovered is cumulative only of evidence given at the trial.

APPEAL FROM LEWIS CIRCUIT COURT.

April 1, 1882.

OPINION BY JUDGE PRYOR:

The elementary authorities conduce to sustain the instruction given, that the jury must be satisfied from a preponderance of the testimony of the right of recovery before a verdict for the plaintiff should be given. The words "satisfied" and "preponderance" may sometimes confuse a jury, and the ordinary mind, in passing upon an issue of fact, will often suggest that which the juror believes the party ought to recover, still he is not entirely satisfied as to the correctness of the conclusion reached. He sometimes weighs the evidence by the number of witnesses or is unable to analyze the testimony so as to determine that question. If the jury believe from the testimony in the case that the plaintiff is entitled to recover, the verdict should be so rendered, and this should be the general instructions upon issues of fact where a recovery is sought.

In this case the testimony is very conflicting and the appellant who is now complaining, with a view and under the belief that the preponderance of the testimony was for him, moved the court to instruct the jury that they were the sole judges of the credibility of the witnesses and must decide the case according to the weight of the evidence. This instruction it seems to us is similar in effect to the instruction asked for by the defendant, and while both instructions are perhaps within the legal rule still the better mode of presenting such an issue, is to leave the jury to determine whether a recovery should be had from the evidence, without attempting to define the extent of their belief or the mode in which they shall weigh the evidence. "The burden of proof is upon the plaintiff and if the jury believe from

the testimony that the defendant assaulted, beat and bruised the plaintiff as alleged in the petition they will find the defendant guilty and assess the damages at any sum in their discretion not exceeding the amount claimed."

We do not think from an examination of this record that the appellant has been prejudiced and the subsequent discovery of testimony upon which a new trial is asked is but an accumulation of proof on the same point and in regard to which many witnesses testified with a knowledge of the facts attempted to be elicited. This newly discovered testimony conduces to strengthen only the statements of those witnesses and is only cumulative.

Judgment *affirmed.*

*Garland & Pugh, for appellant.*

*E. F. Dulin, F. W. Mitchell, for appellees.*

[Cited, *Barnett v. Commonwealth,* 84 Ky. 449, 8 Ky. L. 448, 1 S. W. 722; *Anderson v. Baird,* 19 Ky. L. 444, 40 S. W. 923; *Cincinnati, N. O. & T. P. R. Co. v. Halcomb,* 25 Ky. L. 1444, 78 S. W. 205.]