CASE 60—INDICTMENT—NOVEMBER 11.

84   449
86   609

# Barnett v. Commonwealth.

### APPEAL FROM UNION CIRCUIT COURT.

EVERY IMPROPER INSTRUCTION IS PRIMA FACIE PREJUDICIAL to the ac-
cused, subject to be shown otherwise by the evidence in the case.

An instruction to the jury, that "if they believe that any witness or
witnesses have willfully sworn falsely as to any material fact, they
may, if they deem proper, disregard the entire testimony of such wit-
ness or witnesses," is erroneous, and such an instruction was in this
case prejudicial.

CISSELL & DUDLEY AND W. F. BERRY FOR APPELLANT.

1. It is error in instructing a jury to caution them in regard to any species
or character of evidence, or the mode in which they shall consider
any class of witnesses or any character of testimony.    The case of
Fleetwood v. Commonwealth. 80 Ky., 5, is the only case approving
such an instruction as that complained of by appellant.    (Brady v.
Commonwealth, 11 Bush, 235-6; Elswick v. Commonwealth, 13 Bush,
155-157; Berry v. Branham, &c., 3 Ky. Law Rep., 756; Cook v. Com-
monwealth, 4 Ky. Law Rep., 33; 4 Ky. Law Rep., 226; Ibid., 827; 3
Ky. Law Rep., 394; 6 Ky. Law Rep., 50.)

2. It was error to leave it to the jury to judge of the materiality of the
testimony which they might believe to be false.

3. Every error in instructions ought to be taken as prejudicial to the party
objecting, unless there is something in the record showing the con-
trary.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

While such an instruction as that complained of by appellant has been
condemned, the giving of such an instruction has never been held to
be a reversible error, as it can not prejudice the accused.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Upon the trial of the appellant, Charles Barnett, for
malicious shooting and wounding, the following instruc-
tion was given over his objection: "The jury are the
sole judges for themselves of the weight of the testi-
mony and credibility of the witnesses, and may attach

such weight to any and all parts thereof as they may think proper; and if they believe that any witness or witnesses have willfully sworn falsely as to any material fact, they may, if they deem proper, disregard the entire testimony of such witness or witnesses." Theoretically, this is all true; and yet this court has repeatedly condemned such an instruction, because it in effect invades the province of the jury.

By section 225 of the Criminal Code it is made the duty of the court to instruct the jury on the law applicable to the case. When it has done this, it has fully discharged its duty; and by implication it is forbidden from suggesting to the jury how they shall consider the testimony or the weight to be attached to any particular part of it, or any isolated facts. If it can do so at all, there is no limit to the power. If it may tell them that one class of evidence should be closely scrutinized, why may it not say to them that it should be discredited? Indeed, ordinarily, it would have this effect.

Save in the case of Jump v. The Commonwealth, MS. opinion, May 31, 1884, perhaps this court has never reversed a judgment of conviction for this error; but it has not been because the instruction was not improper, but because, under the particular circumstances of the case under consideration, the accused had not been prejudiced by it. Here the testimony is very conflicting as to whether the accused is the person who did the shooting. The witnesses in his behalf are, with one exception, nearly related to him; and there are some contradictions and discrepancies in their testimony. Under these circumstances, the instruction *supra* would naturally be understood by the jury as an intimation from the court

that, in its opinion, the witnesses, or some of them, had sworn falsely; and such an opinion coming from the court could but have an undue influence upon the jury, and prevent them from freely passing upon the guilt or innocence of the accused upon the entire testimony.

In a case like this, to assume that the instruction was not prejudicial can be nothing more than supposition; and it should not be indulged where the life or liberty of the citizen is involved. The correct rule, we think, is, that every improper instruction should be taken as *prima facie* prejudicial to the accused, subject, of course, to be shown otherwise by the evidence in the case. Whether the facts necessary to constitute guilt have been shown by the evidence, is a question to be determined by the jury; and this they should do, uninfluenced by any suggestion from the court as to the weight of any particular species of evidence; otherwise their province as triers of the facts is invaded. Under our present system of instructing the jury, instead of charging them, they should be left to weigh the evidence and draw from it their conclusion as to guilt or innocence, without comment upon it by the court. No undue prominence should be given to any particular phase or class of testimony by the trial judge; nor should he confine the minds of the jury to any particular channel of thought in the consideration of the entire testimony. They should not be limited by any particular test of credibility; nor, as was done in this instance, should a certain conclusion, depending upon a single fact, be singled out, and the jury told that they are at liberty to adopt it. It is true that they may do it, but undue prominence should not be given to it by the

·court, and their minds thus made to incline to it. It is
.in effect saying to them that, in the opinion of the
·court, something is wrong, and your attention is called
to it to guard you from imposition. Upon the con-
trary, the jury should be left entirely free as to the
·extent of their belief, or the mode of weighing the tes-
timony, or considering any class of witnesses. These
views are supported by the cases of Jump v. The Com-
·monwealth, *supra;* Cook v. The Same, 4 Ky. Law
.Rep., 31; Berry v. Branham, 3 Ky. Law Rep., 756;
:and Brady v. Commonwealth, 11 Bush, 282.

The peculiar circumstances of this case require a
reversal for the error indicated; and it is so ordered,
and the cause remanded for a new trial consistent
with this opinion.