CASE 79—INDICTMENT—JANUARY 28.

| 86 | 605 |
|-----|-----|
| 100 | 251 |

# Forman v. Commonwealth.

| 86 | 605 |
|-----|-----|
| 114 | 275 |

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. REVERSIBLE ERRORS.—The decision of the lower court upon a challenge to the panel of the jury, or upon a motion for a new trial, is not subject to revision upon appeal.

2. SUMMONING JURY.—Where the court has failed to appoint commissioners to select jurymen, as required by the statute, it may order the sheriff to summon a jury of a proper number for the succeeding term.

3. SAME.—Where the court, for cause, appoints a person other than a sheriff to summon a jury, the person thus designated has the power to appoint an assistant when the court may, in its discretion, deem it necessary; and even if the defendant in a criminal prosecution has the right to object to the person designated by the court or to his assistant, the unsupported affidavit of the defendant should not be regarded by this court as sufficient evidence that the lower court erred in overruling such an objection.

4. INSTRUCTIONS.—While the jury should never be instructed that they "are the sole judges of the evidence and credibility of the witnesses," such an instruction given in this case was not prejudicial to the defendant, as it could not reasonably have been regarded by the jury as an invidious reference to the defendant's witnesses.

5. HEARSAY TESTIMONY was properly rejected by the court.

WOOD & DAY AND W. P. THORN FOR APPELLANT.

1. Selecting and summoning a jury otherwise than provided by article 4, chapter 62 of General Statutes, is grounds for challenge to the panel, and the ruling of the court thereon is subject to reversal on appeal.

2. There is no authority under the statute for the court to appoint an assistant to one empowered to summon a jury where the sheriff can not act.

H. L. STONE AND P. W. HARDIN FOR APPELLEE.

Error in overruling challenge to the panel is not a ground for reversal. (13 Bush, 246, Terrell v. Commonwealth.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is the second appeal from the judgment convicting the defendant of manslaughter. And as the facts,

which were substantially recited in the opinion of this court in March, 1886, do not materially differ from those shown by the record before us, a detailed statement of them is unnecessary, especially as the legal questions now presented may be determined without.

The first ground relied on for reversal is the action of the .lower court in overruling the challenge to .the panel of the jury, and in connection therewith, is an objection to the manner in which, and the officer by whom, after the list of standing jurors was exhausted, persons were summoned to complete the jury.

It appears that the court failed at the previous term to appoint the commissioners to select jurymen as required by article 4, chapter 62, General Statutes; but instead, on the last day of that term, as provided by section 11 may be done, made an order for the sheriff to summon a petit jury of the proper number for the succeeding term, which he did. So even if the ruling of the court upon the challenge by the defendant was subject to revision by this court, we see no error or irregularity in it. But it is provided by section 281, Criminal Code, that "the decision of the court upon challenges to the panel and for cause, upon the motion to set aside an indictment, and upon motions for a new trial, shall not be subject to exception." And as heretofore held by this court, errors not subject to exception in the lower court can not be considered or made grounds for reversal in the Court of Appeals, it follows and has been expressly decided, that the decision upon a challenge to the panel is not subject to revision, but is final. (Terrell v. Commonwealth, 13 Bush, 248; Kennedy v. Commonwealth, 14 Bush, 340.)

After the regular panel of the jury was exhausted, only two jurors being selected, the defendant filed an affidavit that the sheriff would not fairly and impartially summon jurymen, and thereupon the court appointed, by consent of the parties, Howell, to summon the required jury. And he, with the consent of the court, appointed Mason as his assistant. But to the appointment of the latter defendant objected, upon the ground, supported by his affidavit, that he, Mason, was biased against him, and would not summon impartial men to act as jurors. The court, however, overruled the objection, and both Howell and Mason took the oath required in such case, and summoned the jury by whom the defendant was tried.

Section 193, Criminal Code, provides : "The court may, for sufficient cause, designate some other officer or person than the sheriff to summon petit jurors, the officer or person designated being first duly sworn in open court to discharge the duty faithfully and impartially."

As the officer or person thus designated becomes invested with the same authority, and has the same duty to perform in respect to summoning jurors, as pertain to the sheriff and his deputies, he, in our opinion, has the implied power to appoint an assistant when the court may, in its discretion, deem it necessary. And we do not understand counsel for appellant to object upon the ground Howell had no power to appoint an assistant, the court authorizing it, but simply because the person appointed would not impartially and fairly discharge the duty imposed on him.

The Criminal Code does not expressly give to the

defendant in a criminal prosecution the right to object to the person designated to summon a petit jury in place of the sheriff, the selection of such person by the court being deemed a guaranty of his honesty and fitness. And certainly the unsupported affidavit of the defendant should not be regarded by this court sufficient evidence of error in that respect on the part of the lower court; for if, by the mere objection of the defendant, the appointment or designation of a person deemed by the court fit may be set aside, the summoning of the jury could be indefinitely postponed.

In this case Mason filed an affidavit, denying he was biased or prejudiced against the defendant, and there is no evidence whatever that the jury actually summoned was not qualified and impartial, nor any thing in the record showing the defendant was prejudiced by the action of either Mason or Howell.

One of the questions of fact in this case was, whether Cravens, the deceased, had a pistol at the time appellant, acting as deputy marshal, attempted to search and arrest him, and when he was killed, and upon that question, which has a material bearing upon the case, the evidence is conflicting.

The defendant offered to prove on the trial by W. H. Forman that he, the witness, got from one Dillard Tapp the number of a pistol claimed by him, Tapp, which corresponded with the number of the one delivered by the defendant to the officer to whom he surrendered after shooting the deceased, and which he testified he took from his person. That evidence is so obviously hearsay and incompetent, that there can be no question of the correctness of the action of the lower court in sustaining the objection made to it.

The remaining ground relied on for reversal is the following instruction: "The jury are the sole judges of the evidence and credibility of the witnesses, and may take into consideration all the facts and circumstances permitted to go to them in evidence, and give such weight to the testimony of each witness as they deem the same entitled to."

That instruction embodies the law, but ought never to be given, because it is to be presumed every person who has intelligence enough to act as a juryman, understands without instruction that they are the sole judges of the credibility of the witnesses, and the weight to be given to the evidence. It does not, however, follow, that giving such an instruction is necessarily an error to the prejudice of the substantial rights of the defendant; and, as said in the case of Barnett v. Commonwealth, 84 Ky., 449, cited by counsel, this court had never previous to that case, with one exception, reversed a judgment for that error alone. The objection to such an instruction is, that in some cases it might be construed by the jury as an intimation or expression of an opinion of the court that certain witnesses in behalf of the accused are not entitled to credence. And whenever the circumstances are such as to authorize this court to believe that such has been the effect upon the minds of the jury in any given case, we ought to reverse the judgment. But the instruction in this case cannot, we think, be regarded as an invidious reference to the witnesses on behalf of the accused, and could not have been reasonably so regarded by the jury. For the witnesses introduced were numerous, the testimony was very con-

flicting and contradictory, and the jury could not, it seems to us, have considered the instruction directed by the court more against those testifying for the defendant than the others. And if not, the rights of the accused were not prejudiced thereby.

The action of the court in overruling the motion for a new trial is not, under the Criminal Code, subject to revision by this court, and cannot be considered.

We perceive no error of law occurring at the trial of this case prejudicial to the substantial rights of the appellant, and the judgment is affirmed.