## Shaw v. Commonwealth.

(Decided January 23, 1925.)

### Appeal from Bullitt Circuit Court.

1. Criminal Law—Caution to Panel to Disregard Testimony in Behalf of Persons Accused of Liquor Law Violations Improper and Prejudicial, where Evidence Conflicting.—Court's statement to entire panel of petit jurors, which they can understand only as a general instruction in all trials for liquor law violations, to disregard the evidence of accused persons as unworthy of belief, is improper and prejudicial to one as to whose guilt evidence was conflicting.

2. Criminal Law—Improper Statement of Court to Panel of Petit Jurors Held Properly Authenticated, where Made Part of Approved and Certified Bill of Exceptions.—Improper instructions to panel that jurors disregard testimony of persons accused of liquor law violations held sufficiently authenticated, where made part of bill of exceptions approved and certified by trial judge, though not set out elsewhere than in grounds of motion for new trial made under Criminal Code of Practice, section 271.

3. Criminal Law—Appellate Court Not Without Jurisdictions to Reverse Conviction for Prejudicial Statements of Court to Jury Panel Out of Presence of Accused.—The provision of Criminal Code of

Practice, section 281, that decisions on challenges to the panel and for cause shall not be subject to exception, does not oust the appellate court of jurisdiction to reverse a conviction for an unauthorized and prejudicial statement of the court to the panel of petit jurors, made out of the presence of defendant, which practically instructed them to disregard defense testimony in prosecutions for liquor law violations.

C. P. BRADBURY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was convicted of unlawfully possessing intoxicating liquor. The evidence is conflicting, and there is no complaint that the verdict is flagrantly against the evidence, or that any error was committed during the trial, but it is urgently insisted that a statement made by the court to the entire panel of petit jurors just after their selection for service during the term, and of which the appellant did not learn until after his conviction, was highly prejudicial.

That the statement was improper under our Code of Practice must be conceded, since it could not have been understood by the jurors, from which the jury in this case was later selected, otherwise than as a general instruction by the court, as indeed it was in effect, that it was their duty in all trials for violations of the liquor law to disregard the evidence of the accused as unworthy of belief. Section 225, Criminal Code; Barnett v. Commonwealth, 84 Ky. 449, 1 S. W. 722; Wright v. Commonwealth, 85 Ky. 123, 2 S. W. 904; Forman v. Commonwealth, 86 Ky. 605, 6 S. W. 579; Smith v. Commonwealth, 122 Ky. 444, 91 S. W. 1130.

We also are of the opinion that it was prejudicial to appellant's substantial rights, since it discredited his denial of guilt, with reference to which the evidence of some ten or twelve witnesses was very conflicting.

Hence, for this error the judgment must be reversed, unless, as is the insistence of the Commonwealth, the statement is not properly authenticated for consideration upon appeal because it appears only in the motion and grounds for a new trial. This, however, is not true. Although the statement is not set out elsewhere than in the motion and grounds for a new trial, it is referred to and made a part of the bill of exceptions, which in turn

is approved and certified as correct by the trial judge and ordered to be made a part of the record without being spread upon the order book.

Section 271 of the Code prescribes the grounds for which a new trial may be granted. Among these are newly discovered evidence, which, like the error here complained of, could not have appeared in the record sooner than in the motion and grounds for a new trial. Subsection seven of that section provides for a new trial, "If from the misconduct of the jury, or from any other cause, the court be of opinion the defendant has not received a fair and impartial trial."

New trials have been granted by this court in many cases and for various causes that were discovered after the trial and first presented for consideration in the motion and grounds for a new trial. It is necessary, however, that in addition to being stated in the motion and grounds for a new trial, as cause therefor, the truth of the matter upon which the motion is based must be established and incorporated in or authenticated by the bill of exceptions. The usual and better practice is to present the matter by affidavit and incorporate same and all evidence with reference thereto in the bill of exceptions, but the matter relied upon here is an alleged statement by the court to the jurors, out of the presence of the defendant, and while the trial was not in progress. There could have been no reason for making the motion and grounds for a new trial a part of the bill of exceptions other than to authenticate the statements therein for the purpose of appeal, and unless the court had conceded the truth of the statement, he certainly would not have approved and certified as correct the bill of exceptions which referred to and made a part thereof the motion and grounds for a new trial containing the statement relied upon as ground therefor.

We are therefore of the opinion that there is no merit in this contention for the Commonwealth.

Neither are we without jurisdiction with reference to this matter because of section 281 of the Code, which provides:

"The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception."

The statement complained of here has no reference to or connection with any such decision of the court, but is simply an unauthorized and prejudicial statement made to the jurors, out of the presence of the defendant. Such a statement constitutes misconduct by whomsoever made, and differs only in degree because made by the court.

Wherefore, the judgment is reversed and the cause remanded for a new trial.