## Harshfield v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Bullitt Circuit Court.

1. Jury—Summoning of Petit Jurors on First Day of Term Held Not Error.—Summoning petit jurors on first day of term held not error, as Ky. Stats., section 2246, relative to summoning of jurors, is merely directory.

2. Jury—Overruling Motion to Discharge Panel Because Summoned to Appear on First Day and Listened to Instructions to Grand Jury Held Not Error.—Overruling motion to dismiss whole panel because it was summoned to appear in court on first day, and while there listened to instructions given by court to grand jury, held not error.

3. Criminal Law—Trial Court Admonishing Grand Jury in Presence of Petit Jurors to Return Indictments and Help Enforce Law Held Not Prejudicial Error.—Where petit jury was present while trial court admonished grand jury to return indictments and help en-

force law and expressed opinion about bad effect of petit jury giving defendants small fine, court's action did not prejudice an accused who was given lowest fine and jail sentence allowed by law for offense of which he was convicted.

C. P. BRADBURY and A. E. FUNK, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is by Harshfield from a judgment of conviction in the Bullitt circuit court of the offense of selling intoxicating liquors to one Charles Stillwell. The Commonwealth introduced Stillwell as a witness and he testified, in substance, that he bought a gallon of moonshine whiskey from appellant at appellant's home in Bullitt county and paid him six ($6.00) dollars therefor. Appellant Harshfield took the stand in his own behalf and denied emphatically that he sold whiskey to the witness, Stillwell, at any time or place or at any price. Several witnesses were then called by appellant to prove the bad reputation of the witness, Stillwell, and several of the witnesses stated they were acquainted with his reputation, and it was not good. The Commonwealth called one or more witnesses to prove Stillwell's good reputation, and the witnesses stated they were acquainted with his reputation and that it was good.

Appellant asks a reversal of the judgment on the ground that the trial court erred in entering an order at the previous term of court to that at which he was tried, directing the sheriff to summon petit jurors for the first day of the term instead of the second day, as required by section 2246 of our statutes. A glance at that section of the statutes will be sufficient to show that it is merely directory in practically if not all of its provisions and especially with regard to the time petit jurors shall be summoned by the sheriff to appear in court. The section begins by saying:

"Within (twenty) days of the date to which said grand and petit jurors are to be summoned, the clerk shall open the envelopes containing the lists and make out fair copies of such lists of grand and petit jurors, and deliver the same to the sheriff, who shall, at least three days prior to the next term or

date to which they are to be summoned, summon the persons to attend, grand *jurors on the first and petit jurors on the second day of the term,* except, etc.''

It would be inconceivable that a juror would be disqualified because the clerk should fail to issue a list to the sheriff within the time prescribed or that he would be disqualified because the sheriff did not serve him in the manner pointed out in the section or within the time named. The court had the power to direct the sheriff, if the exigencies of the case required it, to summon petit jurors to appear in court upon the first day of the term. This seems to be a prevailing practice in all districts where there are heavy criminal and common law dockets. In many courts where the work is heavy both the grand and petit juries are impaneled upon the first day, the grand jury sent to its room to work, the petit jury called in the trial of misdemeanor case; and, sometimes many cases are dispatched on the first day where the trial judge is inclined to press the work or the docket is congested. It was not prejudicial error, therefore, for the trial judge to order the summoning of the petit jurors upon the first day of the term; nor did the trial court err in overruling motion of appellant to discharge the whole panel because it was summoned to appear in court on the first day of the term, and while there listened to the instructions given by the court to the grand jury.

Much complaint is made of what the court said in its instructions to the grand jury in the presence and hearing of the petit jurors immediately before the trial of appellant, the statement of the court being, in substance, ''Do these petit jurors know how to get rid of crime? When they come before the petit jury if you give a man $50.00 and a day you encourage him to another violation of the law. Petit jurors ought to adopt this rule to so do their work to show violators of the law that the law means what it says and break this thing up; each petit jury is a part of the machinery of this court and are necessary to the enforcement of the law. Let's all work together and do our duty. It takes all sound parts to make a perfect working machine.''

Perhaps the trial court should not have referred to the presence of the petit jury, but we can see no error in the trial court admonishing the grand jury in the presence of the petit jurors to return indictments and to help to enforce the law and to co-operate with the court in the

work of putting down crime, and the use of similar expressions concerning law enforcement. What the court said about the bad effect produced by the petit jury giving a defendant a small fine or jail sentence could not have been prejudicial in this case because the jury gave appellant the lowest fine and jail sentence allowed by law for the offense of which he was convicted.

The facts in the case of Shaw v. Commonwealth, 206 Ky. 781, upon which appellant relies with such apparent confidence, are very different from those of this case, and justified the reversal of the judgment in that case. There the trial judge gave a sweeping instruction to the trial juries to wholly disregard the evidence of defendants in liquor cases as unworthy of belief. We held in that case that the instructions of the court, which were given immediately before the trial of that appellant, amounted to a direction to the jury to disregard his evidence and to rely upon the evidence of the Commonwealth alone. Clearly that was error highly prejudicial to the substantial rights of appellant. But in this case where the statements of the trial judge amounted only to a suggestion that the petit juries should inflict heavier penalties and the jury in returning its verdict brought in the least penalty allowed by law in a case of that character, it is manifest that the instruction was not prejudicial to appellant Harshfield, for which reason the judgment is affirmed.

Judgment affirmed.