## Miller v. Commonwealth.

(Decided October 12, 1928.)

### Appeal from Montgomery Circuit Court.

1.  Criminal Law.—Defendant in criminal prosecution, regardless of his station in life and of the crime of which he is accused, is entitled to a fair and impartial trial, and to this end jury's verdict should always be result of unbiased judgment, based on proper evidence heard in courtroom and on the law as expounded by court, and free from any outside influence reasonably calculated to affect minds of jurors.

2.  Criminal Law.—Conduct of commonwealth's attorney in reading, in trial jury's hearing, report of grand jury, which charged not only that witnesses in liquor cases swore falsely, but that grand jury believed liquor sellers perjured themselves on trial of their cases, held prejudicial to defendant's substantial rights, where evidence of his guilt of selling liquor was close, and his motion to set aside the swearing of the jury should have been sustained.

W. B. WHITE for appellant.

J. W. CAMMACK, Attorney General, GEO. H. MITCHELL, Assistant Attorney General, W. C. HAMILTON, Commonwealth's Attorney, and H. W. Sullivan, County Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This case is before the court on motion to grant an appeal from a judgment convicting appellant of a violation of the Prohibition Act (Laws 1922, c. 33), and fixing his punishment at a fine of $100 and imprisonment for 30 days.

The particular offense with which appellant was charged was knowingly selling to Jeff Norris for beverage purposes Jamaica ginger, an intoxicating liquor containing more than one-half of 1 per cent. alcohol, or selling the same under circumstances from which he might reasonably deduce the intention of the purchaser to use same for such purposes.

Appellant conducts a grocery, and Norris testified that along about dinner time he went into appellant's grocery and purchased a small bottle of Jamaica ginger. He then went to the back end of the store and drank about half the contents of the bottle. Twenty or thirty minutes later he purchased a second bottle from appellant. He wanted the second bottle to take home with him, but could have taken the first bottle. Joe Bates was in the grocery

at the time. When arrested, Norris had a bottle of Jamaica ginger on his person, and was under the influence of liquor. On the other hand, appellant testified that he sold Norris only one bottle of Jamaica ginger, and knew nothing of Norris' drinking any Jamaica ginger in his grocery. He had never sold Norris any Jamaica ginger before, and had no reason to believe that Norris intended to use it for beverage purposes. Joe Bates testified that he was present and saw Norris purchase only one bottle. Norris put the bottle in his pocket and did not drink any while there.

During the trial, and while the evidence for the Commonwealth was being heard, the grand jury of Montgomery county returned into court and filed its report, which was read by the commonwealth's attorney in the presence and hearing of the jury. Among other things, the report contained the following:

"We desire to make this report in regard to the liquor law, and the violations thereof. We believe that this law is being violated more than all the others together. We have had before us many witnesses who are apparently regular users of liquors or some kind of intoxicating beverages, but who, when sworn, would not divulge the true source from which they obtained same, but would usually swear that they obtained same out of the county, and in most all instances attempted to protect the bootlegger. In this connection we believe that the liquor sellers are not content to merely violate this law, but are even going further, and attempting to, and are, having witnesses summoned before this body, and in the trial of cases perjure themselves. The violations of this law are increasing in spite of efforts made by officials to prevent same, and, unless this concerted effort of the liquor violators to break down this law is met by determined opposition by all good citizens, it will soon begome more difficult to enforce this law."

Thereupon appellant entered a motion to set aside the swearing of the jury, which motion was overruled by the court.

The defendant in every criminal prosecution, regardless of his station in life, and of the crime with which he is accused, is entitled to a fair and impartial trial. To this end the verdict of the jury should always be the re-

sult of an unbiased judgment, based on proper evidence heard in the courtroom and the law as expounded by the court, and free from any outside influence reasonably calculated to affect the minds of the jurors.    Chilton v. Commonwealth, 170 Ky. 491, 186 S. W. 191; Ann Cas. 1918B, 851.  In the enforcement of this rule we have held that it was error for the trial judge to tell the entire panel of petit jurors that it was their duty, in trying violators of the Prohibition Act, to disregard the evidence of the accused as unworthy of belief.  Shaw v. Commonwealth, 206 Ky. 781, 268 S. W. 550.  There is no difference in principle between that case and this.  Here the report of the grand jury, which was read in the hearing of the trial jury, charged, in substance, not only that the witnesses in liquor cases swore falsely, but that they believed that the liquor sellers perjured themselves on the trial of their cases.  Even if the commonwealth had sought to impeach appellant's reputation for truth and veracity, it could not have done so by proof that he was a violator of the liquor laws, and that all such violators were unworthy of belief. That being true, it was all the more improper to read in the presence of the jury the same statement vouched for and made worthy of credence by an official body created by law.  As the case is a close one on facts, we are constrained to the view that the reading of the report by the commonwealth's attorney, in the presence of the trial jury, was not only erroneous, but was prejudicial to the substantial rights of appellant.  It follows that appellant's motion to set aside the swearing of the jury should have been sustained.

Wherefore the appeal is granted, and judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting.