Raymond STEPHENS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 25, 1964.

A. Dale Bryant, Campton, for appellant.

Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Raymond Stephens, was convicted of willfully shooting and wounding his brother, Herbert Stephens, with the intention of killing him. His punishment was fixed at five years' confinement in the penitentiary.

Porter Stephens lived in Bath County in a six room house (two of which were on the second floor) with his wife, his son, Herbert Stephens, and a niece, Phyllis Spencer, who was not at home at the time of the

shooting. On the day of the shooting, July 29, 1963, another son, the appellant, had returned home from Ohio. In the late afternoon appellant, Ray Stephens, and Porter Nichol, a grandson of Porter Stephens, were in the road in front of the house changing an automobile tire. Mrs. Stephens was in the kitchen. Porter Stephens and Herbert Stephens were in a bedroom which adjoined the kitchen. Herbert Stephens testified that he and his father, who was drunk, had a disagreement which resulted from the fact that his father took a couple of his shotgun shells and put them in his pocket. He put his hand in his father's pocket and retrieved them. His father fell or slid to the floor. Herbert Stephens turned to put the shells at the top of a shelf. About that time he was struck by a bullet that passed through his arm and chest and lodged against his spine. The father called for Raymond about the time the shells were taken away from him and before he slid to the floor. The first two people who came to Herbert's assistance were Raymond Stephens and Porter Nichol. They placed him in an automobile and drove to the Mt. Sterling hospital. He was later taken to Lexington for treatment. The above mentioned people were the only ones present at the times that have been discussed.

At the trial none of these people were able to identify the person who fired the shot. The victim, Herbert Stephens, testified that when the bullet struck him it spun him around and he did not see who shot him. The father, Porter Stephens, testified that he was drunk and did not remember hearing a shot fired. The mother, Mrs. Porter Stephens, recalled only that she heard Herbert and his father talking about shotgun shells and heard him summon Raymond, but could remember little else of what happened. The reason for not remembering was that she was sick at the time and under a doctor's care. Porter Nichol testified that he was out in the road at the time he heard the shot fired. He could add little else to the testimony.

The Commonwealth introduced all of the above persons who were at the scene of the shooting except appellant, Raymond Stephens, who did not testify in his own defense. In addition to the above testimony the Commonwealth introduced as witnesses, Sgt. Sword and Trooper Sluss of the State Police, and Sheriff Rex Crouch. They testified that some time after the victim had been delivered to the Mt. Sterling hospital they arrested appellant in a beer joint in Mt. Sterling. Sword testified that after he was under arrest appellant said he had shot his brother because his brother was beating up his father. Trooper Sluss' testimony in the main was the same. Sheriff Crouch asked appellant if he had shot his brother and he said that he had; when asked why, he said his "god damned mother was the cause of it all." The officers also stated that appellant had told them he had thrown the pistol out the window of the car somewhere on the road between Frenchburg and Mt. Sterling.

■ On this appeal it is suggested that the court erred during the course of the trial by the questioning of Mrs. Porter Stephens in such a fashion as to indicate that the court entertained serious doubts as to the truth of her testimony. The court questioned Mrs. Stephens on two occasions as follows:

1. "BY THE COURT: Mrs. Stephens, you are up here as a witness sworn now, is there any reason why you can't remember what happened?

"BY THE WITNESS: No, I was sick.

"BY THE COURT: Well, tell what happened, tell what you remember now; you are up here sworn as a witness.

"BY THE WITNESS: I can't remember.

\*       \*       \*       \*       \*

2. "BY THE COURT: Mrs. Stephens, you mean to say that your son

was shot and do you know that they took him to the hospital?

"BY THE WITNESS: (witness nodding head yes) I just can't remember.

"BY THE COURT: Do you remember when he went to the hospital that night?

"BY THE WITNESS: Yes, they took him to the hospital.

"BY THE COURT: Why did they take him to the hospital?

"BY THE WITNESS: Because he was shot.

"BY THE COURT: And did you see him shot and blood on him?

"BY THE WITNESS: No.

"BY THE COURT: Where was he lying when you saw him?

"BY THE WITNESS: He was gone.

"BY THE COURT: You never did see him before he was gone?

"BY THE WITNESS: No; I can't remember."

We held in Collins v. Sparks, Ky., 310 S.W.2d 45, that it was not necessary for counsel to object to interrogation by the court if the alleged error was questioned in a motion for a new trial.

In support of the contention that the court by his manner of questioning gave the impression to the jurors that he felt the witness was deliberately giving false testimony, the appellant relies upon Barnett v. Commonwealth, 84 Ky. 449, 1 S.W. 722, and other cases where the court put its admonition in formal instructions to the jury. In the Barnett case this instruction was given:

"The jury are the sole judges, for themselves, of the weight of the testimony and credibility of the witnesses,

and may attach such weight to any and all parts thereof as they may think proper; and, if they believe that any witness or witnesses have willfully sworn falsely as to any material fact, they may, if they deem proper, disregard the entire testimony of such witness or witnesses."

To the same effect are the cases of Smith v. Commonwealth, Ky., 8 S.W. 192, 9 Ky. Law Rep. 1005; Barnard v. Commonwealth, Ky., 8 S.W. 444, 10 Ky.Law Rep. 143, where this Court also condemned the giving of such an instruction. But in the case at bar we have quite a different situation. Here a horrible, violent event was enacted in the presence or the near presence of five witnesses and, afterwards, that event was covered by a pall of silence. It is impossible to read this record without concluding that some of the witnesses were being evasive. We believe the trial court was fulfilling his obligation when he reminded the witness that she was under oath.

Appellant next complains that the Commonwealth's Attorney was guilty of misconduct in making the following statement to the jury:

"The attorney for the defendant, in his closing argument has failed to mention to you either defense, self-defense or defense of another, which the court has instructed you on. I would therefore assume that the defendant does not rely on these defenses and they would be out."

We believe the foregoing statement constitutes permissible argument under the peculiar facts of this case. The Commonwealth's Attorney did not tell the jury that they should not follow the instructions. He merely stated that he assumed defendant did not rely on these defenses and they should be out. In fact, the appellant seems to have based his hopes for acquittal upon the assumption that the Commonwealth would be unable to prove its case. It is true that the officers, in relat-

ing his confession, stated that Herbert Stephens and his father were engaged in a quarrel prior to the shooting and that appellant said he shot his brother because he "was beating up on his father," but the quality of this proof is not sufficient to form a basis upon which to rest either defense. Herbert Stephens gave the graphic details of the minor quarrel and scuffle which he had had with his father and it was certainly not of the character that would indicate his father was in danger of bodily harm. There is not one line of testimony by anyone that appellant was in danger of harm. We think the assumption of the Commonwealth's Attorney that appellant did not rely on these defenses was proper under the circumstances.

We are of opinion that the evidence points unerringly to the guilt of appellant and the judgment is affirmed.

Judgment affirmed.