## *STATE v. STEPHEN JACOBS.

*Expression of Opinion — Peremptory Challenge — Conduct of Defendant—Evidence.*

1. A remark of the Judge made before trial begun, that the jailor had informed him the· prisoner "would escape if he had the opportunity" is not an expression of opinion upon the facts prohibited by the Act of 1796.

2. The right of peremptory challenge is a right to reject, not to select; hence when there are two defendants, one cannot complain that the other peremptorily challenged a juror who was acceptable to himself.

3. The conduct of a prisoner when arrested is competent to be shown in evidence.

Indictment for Murder, tried before *Gilmer, J.,* and a jury, at May Term, 1889, of ROBESON Superior Court.

*The Attorney General,* for the State.
No counsel *contra.*

CLARK, J.: When the case was called for trial, the other defendant, Oxendine, moved for a separate trial, and, at any rate, to be tried with one of the other defendants (there being several indicted in the same bill) rather than with defendant Jacobs. The Court remarked that it intended to try defendant Jacobs; that it had been informed by the jailor that he apprehended that Jacobs would escape if he had the opportunity. To this remark defendant Jacobs excepted. On motion of the Solicitor, Jacobs and Oxendine were tried together.

At common law, though the Judge, as is still the rule, could not direct a verdict in any criminal case, nor in a civil

---

* Head-notes by CLARK, J.

case, when there was a conflict of evidence, there was no inhibition upon his expressing an opinion upon the facts. It was thought that such expression of opinion, while not governing the jury, would be of assistance to them, coming from an impartial man of much experience in weighing evidence and in drawing conclusions therefrom. Such is still the practice in England and her colonies, in our Federal Courts, and, indeed, in most of the States of the Union. In North Carolina, in 1796, the statute was passed which changed the practice in this respect. It is now *The Code*, § 413, and reads as follows: "No Judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion, whether a fact is fully or sufficiently proven, such matter being the true office and province of the jury."

It is difficult to see how the remark of the Judge violated any provision of this statute. No juror had been selected, the remark was not in the presence of the jury, nor did it contain any opinion that "a fact was fully or sufficiently proven." No facts had been shown in evidence. Indeed, had the jury been impaneled, the statute prohibited the Judge "from expressing an opinion only upon those 'facts' respecting which the parties take issue or dispute, and on which, as having occurred or not occurred, the imputed liability of the defendant depends." RUFFIN, C. J., in *State* v. *Angel*, 7 Ired., 27. To the same purport is the late case of *DeBerry* v. *Railroad*, 100 N. C., 310; also *State* v. *Jones*, 67 N. C., 285; *State* v. *Robertson*, 86 N. C., 628, and *State* v. *Laxton*, 78 N. C., 564. In the latter case, SMITH, C. J., says: "It is quite obvious from the words of the act that its special object was to prevent the intimation of such opinion in connection with and constituting a part of the instructions by which the jury were to be governed, and when its influence on their minds would be direct and effective." Our juries are usually men of intelligence, competent to understand the evidence and draw their own conclusions as to the facts.

To construe every remark incidentally made by the Judge, in ruling upon debated questions arising on the trial or otherwise, to have such weight upon the mind of the jury as to bias the freedom of their verdict, is as little complimentary to the intelligence and sturdy independence of those who compose our juries as it is to the impartiality of those who are called upon to preside over our Superior and Criminal Courts.

*Second Exception.*—One of the jurors, being called, was tendered to defendant Jacobs and was accepted by him, and was then tendered to defendant Oxendine, who challenged him peremptorily. The Court stood the juror aside, and the prisoner Jacobs excepted. The prisoner Jacobs exhausted his twenty-three peremptory challenges before the jury was obtained.

The question is not an open one. It has often been adjudicated. "The right of peremptory challenge is a right to reject, and not a right to select. Hence, when the trial is joint, neither defendant has cause to complain of a challenge by the other." GASTON, J., in *State* v. *Smith,* 2 Ired., 402; *State* v. *Bixby,* 6 Ohio, 86; *Maton* v. *The People,* 15 Ill., 530; *United States* v. *Marchant,* 4 Mason, 158, and same case affirmed on appeal; 12 Wheat., 430; Whart. Cr. Pl. and Pr. (9th ed.), §§ 615, 620 and 680, and cases there cited.

*Third Exception.*—A witness, after testifying to matters not excepted to, deposed that he arrested Jacobs on this charge, and that, on the way to the guard-house, and after Jacobs got into the guard-house, when talking about the matter, Jacobs asked witness to shoot him, and seemed to become furious. The prisoner objected to this testimony, and excepted. We see no force in the objection. The conduct of a party when arrested—attempting flight, offering resistance, or otherwise—is competent evidence against him.

No error.