RALPH E. MILLER v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 22 September, 1954.)

**1. Master and Servant § 25c—**

    An action by an employee of a common carrier to recover for injuries received in the course of his duties in interstate commerce is governed by the Federal Employers' Liability Act.

**2. Master and Servant § 25b—**

    In an action under the Federal Employers' Liability Act matters of procedure, including the judge's charge, are governed by rules of the state court.

**3. Trial § 31e—**

    The crucial question in this case was whether the employer was negligent in failing to provide the employee with additional help to perform the task which the employee was assigned to do alone. *Held:* An instruction that if more than one person is required for the safe performance of a certain duty, "such as the one in question in this case," must be held for prejudicial error as an expression of opinion of the court that the job in question required more than one man for its safe performance.

**4. Same—**

    The fact that an expression of opinion by the trial court upon the evidence is an inadvertence renders such error nonetheless harmful. G.S. 1-180.

APPEAL by defendant from *Burgwyn, E. J.,* January Special Term, 1954, of PERQUIMANS.

This action was brought in the Superior Court of Perquimans County, North Carolina. However, it is alleged and admitted that the defendant is a common carrier by rail, engaged in interstate commerce. It is likewise admitted that the plaintiff at the time of the injury was an employee of the defendant, and that he was engaged in work in furtherance of its interstate business.

The evidence disclosed that for several days prior to injury, the plaintiff had been working as a carpenter, together with another employee, repairing defendant's camp cars. Plaintiff testified he was an inexperienced carpenter. On the day of the injury, the other workman was off duty. The plaintiff was instructed to proceed alone. He was shown the material to be used and told to do the best he could by himself. The work assigned to him was the lining of one of defendant's camp cars. Other workmen could be made available but plaintiff did not request assistance. In the course of his work he attempted to fit a seasoned pine board about 5½ inches wide by ¾ inch thick and 12 to 14 feet in length, and weighing 15 to 20 pounds, into a position above the window in the car, about six

feet from the car floor. He was attempting to nail the board at one end, holding the board in position with his arm and at the same time attempting to hold the nail in position. In the attempt to perform these operations alone, it was necessary for him to assume an awkward and cramped position. Under these conditions he attempted to drive a nail through the plank and into the car frame. He hit the nail a glancing blow that caused it to fly out of the plank, striking him in the eye, causing great pain, loss of time and wages, and resulting in 99 per cent permanent loss of vision to the injured eye, and caused some danger of sympathetic impairment of the other. He contended the work he was assigned to do was a two-man job, and that the defendant was negligent and liable in having him attempt to do the work alone.

The defendant contended that two men had been working together for convenience rather than necessity, that one man could do the job. The defendant offered evidence that the plaintiff was told by his foreman to do what he could and not to attempt the impossible.

In the argument here, counsel for both parties, with commendable frankness, conceded that the crucial point in the case is whether the defendant was guilty of actionable negligence in failing to provide the plaintiff with additional help to perform the task which he was assigned to do alone. Three issues were submitted to the jury:

(1) Was the plaintiff injured by the negligence of the defendant as alleged in the complaint?

(2) Did the defendant by his own negligence contribute to his injury as set out in the amendment to the answer?

(3) What damage, if any, is the plaintiff entitled to recover of the defendant?

The jury answered the first issue, "Yes;" the second issue, "Yes;" and the third issue, "$25,000." Judgment was signed in accordance with the verdict, from which the defendant appealed.

*Chas. E. Johnson and John H. Hall for plaintiff, appellee.*
*Wilson & Wilson for defendant, appellant.*

HIGGINS, J. In this case the rules of liability and recovery are governed by the provisions of an Act of Congress known as The Federal Employers' Liability Act, 45 U.S.C.A. 51. When a case is brought under this Act in the State courts, matters of procedure, such as the judge's charge, are governed by rules of the North Carolina courts.

Numerous exceptive assignments of error appear in the record and are discussed in the briefs. In our view, it is necessary to consider only one, Assignment of Error No. 17, based on Exception No. 17. This assignment and exception challenge the correctness of that part of his Honor's

charge as follows: "Now there are certain duties which a corporation, as is this defendant, owes to its employees, one of which is: They should provide them with a fit and suitable place in which to work; and another is: They should supply them with reasonable assistance in the performance of a duty which requires (remember that word, gentlemen, REQUIRES) assistance of others in the safe performance of their duties; in other words, that the job in question should not be what is known as 'undermanned' (u-n-d-e-r-m-a-n-n-e-d); and if it requires more than one person for the safe performance of a certain duty, such as the one in question in this case, and the defendant has available persons who could have been called in for that assistance, and failed to do so, they would be liable in damages if their failure so to do was the proximate cause of the injury complained of."

The noxious part of the charge is contained in the phrase, "such as the one in question in this case." Whether the judge intended the jury to understand the phrase, *such as the one in question in this case,* related to and qualified *it* (which referred to the job) or whether it was intended to relate to and qualify the word "duty," is not clear. If the phrase related to the job, as we are constrained to believe it did, it was equivalent to saying to the jury the job required more than one man. Duty was not at issue, it was not "in question." The law fixed the duty. The question at issue was whether the job required more than one man. What the judge said was equivalent to an expression of opinion that the job required more than one man, or at least that was the probable effect on the jury. That the expression was an inadvertence on the part of a careful and painstaking judge renders the error none the less harmful. Both the statute, G.S. 1-180, and the decisions that help to fill the books are to the effect that a judge is not permitted even to intimate to the jury whether, in his opinion, an essential fact in a case has or has not been proved.

For the error committed in the charge, there must be a

New trial.