LULA C. BURKEY, ADMINISTRATRIX OF THE ESTATE OF ROBERT C. BURKEY, DECEASED v. L. G. KORNEGAY AND WIFE, VICKIE GRANT KORNEGAY, PARTNERS TRADING AS "BARBECUE LODGE," AND HUEY LONG GINN.

(Filed 25 March 1964.)

Trial § 35—

A remark of the court in its charge that a witness was "of perhaps weak mentality" must be held for prejudicial error as tending to discredit the witness, there being no admission, stipulation or testimony in the record bearing on the mental condition of the witness.

APPEAL by plaintiff from *Cowper, J.,* November 1963 Session of LENOIR.

*Wallace & Langley for plaintiff appellant.*
*White & Aycock for defendant appellees.*

PER CURIAM. This is an action for wrongful death. G.S. 28-173 and 174. On 26 September 1962 plaintiff's intestate was struck by a motor vehicle owned by defendants Kornegay and operated by defendant Ginn. From the injuries received he died "a few moments later." The accident occurred near the center of Vernon Avenue in the City of Kinston. Deceased had walked northwardly to a point at or near the center of the avenue; Ginn was driving westwardly along the avenue.

The jury found that the death was proximately caused by the negligence of defendants, and that deceased's negligence was a contributory cause. From judgment denying recovery, plaintiff appeals.

Two eyewitnesses testified for plaintiff. One was a young lady who could not read or write. She gave an account of the occurrence favorable to plaintiff. Thereafter, on both direct and cross examination there were conflicts and discrepancies in her testimony; at times she was hesitant; on two or more occasions she did not answer questions propounded to her.

In charging the jury the judge commented: "Plaintiff offered the testimony of (naming the witness), a young lady of perhaps weak mentality."

There is no admission, stipulation or testimony in the record bearing on the mental condition of the witness. The judge undoubtedly concluded from her manner of testifying that the young lady's mental capacity was subnormal. But G.S. 1-180 prohibits the judge from expressing such opinion. The challenged comment tended to discredit the witness and amounted to an expression of opinion that her testimony was of little weight. The credibility of the witness and the weight of

her testimony were matters solely for the determination of the jury uninfluenced by any opinion of the judge. "The court in its charge may not intimate or express an opinion as to the facts, the weight of the evidence, or the credibility of the witnesses, either directly or indirectly, in any manner." 4 Strong: N. C. Index, Trial, s. 35, p. 339; *Bailey v. Hayman,* 220 N.C. 402, 17 S.E. 2d 520; *Curruthers v. R. R.,* 218 N.C. 49, 9 S.E. 2d 498. The fact that the expression of opinion is an inadvertence renders the error nonetheless prejudicial. *Miller v. R. R.,* 240 N.C. 617, 83 S.E. 2d 533.

New trial.