STATE OF NORTH CAROLINA v. TEDDY LEE CARRIKER

No. 103

(Filed 6 June 1975)

**Criminal Law § 99— comments of trial judge — effect on prospective jurors**

In a prosecution for felonious distribution of marijuana to a minor, defendant was entitled to a continuance where prospective jurors who were sitting in the courtroom heard the judge, before passing sentence in another case in which another defendant entered a plea of guilty of possession of marijuana, state that marijuana was a habit-forming drug, once the habit was formed "anything goes," it led to robbery or anything else to get money, and all or many of those charged with such offenses "get religion" when they come into court.

ON *certiorari* to review the decision of the North Carolina Court of Appeals, reported in 24 N.C. App. 91, 210 S.E. 2d 98 (1974), which found no error in the trial before *Gambill, E.J.,* at the 25 March 1974 Special Criminal Session of DAVIDSON Superior Court.

On indictment proper in form, defendant was charged with the willful and felonious distribution of a controlled substance, marijuana, to a minor, in violation of G.S. 90-95(a)(1) and G.S. 90-95(i). (1971 Session Laws, c. 919, s. 1.)

Martha King testified that she was fourteen years of age when, on 25 September 1973, she stopped at defendant's trailer on the way home from school and purchased from him a "nickel bag" of marijuana, ordinarily priced $5.00, for $4.95. School authorities discovered Martha smoking some of this marijuana the following day. Martha's mother and the police were notified, and Martha told the officers she obtained the marijuana from defendant.

A police officer who was present at Martha's school the day after the alleged sale corroborated Martha's testimony. A chemist with the State Bureau of Investigation testified that in his opinion the green vegetable material taken from Martha at school was marijuana.

Witnesses for the defendant testified that they saw defendant refuse to sell Martha any marijuana on 25 September 1973, but that someone else at the trailer did sell marijuana to her. Defendant, who was twenty-three years of age on the date in

State v. Carriker

question, testified denying ever having sold marijuana to Martha King.

From a jury verdict of guilty and from a judgment sentencing the defendant to fifteen to thirty years' imprisonment, defendant appealed to the Court of Appeals, which affirmed. We allowed *certiorari* on 4 February 1975.

*Attorney General Rufus L. Edmisten and Assistant Attorney General James E. Magner, Jr. for the State.*

*Clarence C. Boyan for defendant appellant.*

MOORE, Justice.

When court opened on the day of the trial of this case, the jurors for the term were called and sworn and thereafter remained in the courtroom. The district attorney then called the first case on the calendar, *State v. Bell.* That defendant entered a plea of guilty of possession of marijuana. Before passing sentence in that case, the presiding judge made certain remarks as hereinafter partially summarized. Shortly after judgment was imposed in the *Bell* case, the district attorney called defendant's case. Before pleading to the indictment charging him with distribution of marijuana, defendant moved for a continuance for the term due to the remarks made by the judge before sentencing Bell. Prior to ruling on this motion, defendant's attorney, Mr. Lea, accompanied by the court reporter, conferred with the presiding judge in chambers. There the following exchange took place:

"MR. LEA: We make a Motion to continue on the basis of certain remarks made by the Presiding Judge in the sentencing of Roger Paul Bell, these remarks which I think—

"THE COURT: —What remarks? I don't care about your opinion.

"MR. LEA: The first one was that marijuana was a habit-forming drug. The second remark—

"THE COURT: —I didn't say that.

"MR. LEA: That is what I understood you to say.

"THE COURT: I said when they got hooked on marijuana that my experience was that anything went, and I

have tried them for robbery; they get desperate for money and anything goes, robbery or anything else.

"MR. LEA: I think that is close to what you said; and further, as the defendant in a previous case left the Courtroom, the Presiding Judge looked at the Jury and stated substantially as follows: That they all get religion when they come in the Courtroom. Is this a fair statement, Your Honor?

"THE COURT: I don't know that I said they all do. I said a lot of them get religion when they come in the Courtroom.

"MR. LEA: Is it necessary for me to give the reasons for this?

"THE COURT: I don't care anything about the reasons. You can take it up if you want to and tell the Court up there why you took it up. All I said in front of the Jury is what you get from the papers everyday, on the radio or on the television anytime you want to turn it on, and those people sitting on the Jury are grown men and women. The Motion is DENIED."

Defendant's attorney contends that the comments made by the presiding judge before the jury panel were actually much more extensive and prejudicial than those preserved for the record and set out above.

By his first assignment of error defendant alleges that the trial court erred in denying his motion for a continuance due to the fact that the remarks made by the court before the jury panel prejudiced his right to a fair trial. Neither the State nor defendant has cited a North Carolina case nor has our research discovered one which deals directly with the question here involved. The general rule is stated in Annot., 89 A.L.R. 2d 197, 234, as follows:

" . . . [T]he rule appears to be that the practice of addressing the prospective jurors does not of itself constitute reversible error, although suggestions or statements which are likely to influence the decision of the jurors when called upon later to sit in a given case may constitute error and should be avoided, as should misstatements of the law or remarks disparaging legitimate defenses that may be made in cases to be tried, as well as references made directly

or by innuendo to particular cases which might come before the jurors."

*See* 75 Am. Jur. 2d, Trial §§ 91, 92, pp. 194-95 (1974).

Many decisions have warned that remarks made before prospective jurors must be engaged in with the greatest of care and that the judge must be careful not to make any statement or suggestion likely to influence the decision of the jurors when called upon later to sit in a given case. In *Gross v. Commonwealth,* 256 S.W. 2d 366 (Ky. 1953), Commonwealth insisted that the remarks of the presiding judge made on the first day of the term to the prospective jurors could not have prejudiced them as this case was not tried until the 17th day thereof. The trial judge there had stated from the bench to the members of the prospective jury, in substance, that they would never convict anyone for violating the liquor laws if they accepted the testimony of defendants charged with such offenses. This statement was not directed to the defendants in that case or any other particular defendant charged with such violations. Holding that these remarks were error, the Kentucky Court of Appeals stated:

> "We do not believe the poison had evaporated from the minds of the jurors because of the fact seventeen days elapsed between the time these unfortunate words were spoken to the jury and the time of the trial. A trial judge occupies a high position, and the jury should, and usually does, have great respect for him and is easily influenced by the slightest suggestion coming from him. *Burnam v. Com.,* 283 Ky. 361, 141 S.W. 2d 282, and authorities therein cited. Practically the same statement made here was made by the trial judge in *Shaw v. Com.,* 206 Ky. 781, 268 S.W. 550, and it was there held to be reversible error."

*Accord, Mele v. Becker,* 1 Mich. App. 172, 134 N.W. 2d 846 (1965).

G.S. 1-180, which requires a judge to explain the law but to give no opinion on the facts, refers by its terms to the charge of the judge to the jury. Nonetheless, it has long been construed to forbid the judge to convey to the trial jury in any way *at any stage* of the trial his opinion on the facts involved in the case. *State v. Holden,* 280 N.C. 426, 185 S.E. 2d 889 (1972); *State v. Atkinson,* 278 N.C. 168, 179 S.E. 2d 410 (1971); *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833 (1966); *State v. Wil-*

*liamson,* 250 N.C. 204, 108 S.E. 2d 443 (1959) ; *State v. Smith,* 240 N.C. 99, 81 S.E. 2d 263 (1954) ; *State v. Cook,* 162 N.C. 586, 77 S.E. 759 (1913). There is language in our cases to the effect that G.S. 1-180 is not applicable until the case is called to trial. *State v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594 (1943) ; *State v. Jacobs,* 106 N.C. 695, 10 S.E. 1031 (1890).

In *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954), we held that G.S. 1-180 was violated when the trial judge inadvertently communicated his opinion of the facts in the case by his remarks or questions to *prospective* jurors during the selection of the jury. And as we said in the oft-quoted case of *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855 (1907) :

" . . . The judge should be the embodiment of even and exact justice. He should *at all times* be on the alert, lest, in an unguarded moment, something be incautiously said or done to shake the wavering balance which, as a minister of justice, he is supposed, figuratively speaking, to hold in his hands. Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge,' and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged." (Emphasis added.)

*Accord, State v. Greene,* 285 N.C. 482, 489, 206 S.E. 2d 229, 233 (1974).

In addition to G.S. 1-180, and apparently to supplement it, the General Assembly enacted G.S. 1-180.1 to further prevent the trial judge from invading the province of the jury. This statute in part provides:

*"Judge not to comment on verdict.*—In criminal actions the presiding judge shall make no comment in open court in the presence or hearing of all, or any member or members, of the panel of jurors drawn or summoned for jury duty at any session of court, upon any verdict rendered at such session of court, and if any presiding judge shall make any comment as herein prohibited, or shall praise or criticize any jury on account of its verdict, whether such comment, praise or criticism be made inadvertently or intentionally, such praise, criticism or comment by the judge *shall constitute valid grounds as a matter of right, for the continuance for the session of any action remaining to be*

State v. Carriker

*tried during that week at such session of court, upon motion
of a defendant or upon motion of the State. . . . "* (Emphasis added.)

. This statute by its express terms applies to comments made
by the presiding judge concerning *verdicts* rendered during the
session. However, we fail to see how comments made by the
judge in the presence of the jury panel concerning a verdict of
guilty could be more prejudicial than the same remarks made
concerning a plea of guilty. Such comments violate the spirit
if not the letter of G.S. 1-180.1.

The central question is whether or not the language complained of might have so affected the prospective jury panel
that it was likely defendant would be deprived of a fair and
impartial trial. In the present case the prospective jurors were
put on notice by the trial judge that marijuana was a habit-
forming drug; that once the habit was formed "anything goes";
that it led to robbery or anything else to get money; and that all
or many of those charged with such offenses "get religion"
when they come into court. Surely the prospective jurors could
logically infer from these remarks that defendants charged with
similar offenses should be convicted, and that when appre-
hended and brought into court many such defendants would
attempt to deceive the court by "getting religion." The probable
effect or influence upon the jury, and not the motive of the
judge, determines whether the party whose right to a fair trial
has been impaired is entitled to a new trial. *State v. Canipe,
supra; State v. Smith, supra.* That the remarks were an inad-
vertence on the part of the able and experienced judge renders
the comments nonetheless harmful. *Burkey v. Kornegay,* 261
N.C. 513, 135 S.E. 2d 204 (1964) ; *Miller v. R. R.,* 240 N.C. 617,
83 S.E. 2d 533 (1954).

G.S. 1-180.1 also expressly provides that "[t]he provisions
of this section shall not be applicable upon the hearing of mo-
tions for a new trial, motions to set aside the verdict of a jury,
or a motion made in arrest of judgment." Hence, in order to
obtain the benefit of the statute a defendant must, as defendant
did in this case, move for a continuance.

The comments made by the trial judge concerning cases
involving marijuana, coming shortly before defendant's case
was called, entitled defendant to a continuance, and it was
error for the trial judge to overrule defendant's motion.

We see no merit in defendant's other assignment of error, but for the reasons stated defendant is entitled to a new trial.

The case is remanded to the North Carolina Court of Appeals with direction that it remand it to the Superior Court of Davidson County for a new trial in accordance with the principles herein stated.

New trial.