State v. Brown

_____

STATE OF NORTH CAROLINA v. FRED BROWN

No. 7529SC896

(Filed 5 May 1976)

1. Criminal Law § 91— judge's comment on guilty plea in narcotics trial — subsequent narcotics trial — denial of motion to continue — error

   In a prosecution for selling LSD, the trial court erred in denying defendant's motion for a continuance of his case where the court commented concerning a guilty plea to a charge of felonious sale of a controlled substance in the case heard immediately prior to defendant's at a time when all eligible jurors in defendant's case were present in the courtroom.

2. Criminal Law § 89— allowing State to reopen case — impeachment of defense witness — evidence of misconduct

   In a prosecution for selling LSD, the trial court erred in allowing the State to reopen its case after defendant had rested for the pur-

pose of introducing evidence of the prior misconduct of defendant's witness whom the State had not attempted to cross-examine about prior misconduct.

APPEAL by defendant from *Gavin, Judge.* Judgment entered 11 June 1975 in Superior Court, McDOWELL County. Heard in the Court of Appeals 19 February 1976.

Defendant was convicted of the felonious sale and delivery of the controlled substance, Lysergic Acid Diethylamide. Judgment imposing a prison sentence of not less than five nor more than seven years was entered.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Davis and Kimel, by Horace M. Kimel, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] The record on appeal discloses that the following took place:

"Immediately before the defendant was arraigned, the Court accepted a guilty plea from one, MICKEY CUNNINGHAM. CUNNINGHAM pled guilty to a charge of felonious sale of a controlled substance. This plea was taken in open court with all eligible jurors present. The Trial Judge made the following comments concerning CUNNINGHAM's verdict:

THE COURT: 'I have no sympathy for drug users.' The Court also related in open court, with all jurors present, the details of a drug case that he had tried in Richmond County. In that case, the Trial Judge said, the drug users robbed the people in their hometown in North Carolina to get money for drugs and then had a good time out of state. These drug users returned to Richmond County on two occasions to steal money to buy drugs and to have a good time. The Court also commented that the McDowell County Commissioners should be upset if they appropriated the taxpayers money for the purchase of drugs and then got nothing in return.

While taking this guilty plea, District Attorney Lowe commented about one, RICHARD MCENTIRE, being a 'big pusher' and that McEntire was allowed earlier to plead

State v. Brown

guilty to a misdemeanor drug charge and only got a probationary sentence. Mr. Lowe's comments were also in open court with all eligible jurors present in the courtroom.

When the guilty plea of CUNNINGHAM was accepted, the State put on two witnesses, Rudy Stroupe and Captain David Sigmon, who testified to a direct purchase of MDA from CUNNINGHAM. Stroupe and Sigmon were also the key witnesses in the next case called for trial, STATE OF NORTH CAROLINA VS. FRED BROWN. [The appellant in the case before us.]

Within minutes after taking CUNNINGHAM'S guilty plea, the State called defendant appellant's case for trial.

The State arraigned the defendant and the following proceedings were had:

MR. KIMEL: Before entering a plea, I would like to make a motion on behalf of the defendant to continue this case for the term for the reason that in view of what has just gone on, we cannot get 12 impartial jurors. I think these prior proceedings would inherently prejudice anyone who was present in the Courtroom and I do not feel that the defendant can get a fair and impartial trial."

We are thus faced with essentially the same problem presented in State v. Carriker, 287 N.C. 530, 215 S.E. 2d 134. When Carriker's case (for selling marijuana) was called for trial, his attorney moved for a continuance because of comments made before sentencing a defendant in the preceding case. That defendant had pled guilty to the possession of marijuana. After Carriker's motion for continuance, the following took place:

" 'The Court: I said when they got hooked on marijuana that my experience was that anything went, and I have tried them for robbery; they get desperate for money and anything goes, robbery or anything else.

'Mr. Lea: I think that is close to what you said; and further, as the defendant in a previous case left the Courtroom, the Presiding Judge looked at the Jury and stated substantially as follows: That they all got religion when they come in the Courtroom. Is this a fair statement, Your Honor?

'The Court: I don't know that I said they all do. I said a lot of them get religion when they come in the Courtroom.

'Mr. Lea: Is it necessary for me to give the reasons for this?

'The Court: I don't care anything about the reasons. You can take it up if you want to and tell the Court up there why you took it up. All I said in front of the Jury is what you get from the papers everyday, on the radio or on the television anytime you want to turn it on, and those people sitting on the Jury are grown men and women. The Motion is Denied.' " *State v. Carriker, supra.*

Under G.S. 1-180.1, if a judge comments on a *verdict* in a criminal case, all other defendants whose cases remain for trial during that week are entitled to continuance as a matter of right. In *Carriker* the Court said:

"This statute by its express terms applies to comments made by the presiding judge concerning verdicts rendered during the session. However, we fail to see how comments made by the judge in the presence of the jury panel concerning a verdict of guilty could be more prejudicial than the same remarks made concerning a plea of guilty. Such comments violate the spirit if not the letter of G.S. 1-180.1." *State v. Carriker, supra.*

The Court then held that the comments made by the trial judge concerning cases involving marijuana, coming shortly before defendant's case was called, entitled defendant to a continuance. A new trial was ordered for failure to grant the motion. The *Carriker* case was before the Supreme Court on *certiorari* to review the decision of the Court of Appeals reported at 24 N.C. App. 91, 210 S.E. 2d 98, wherein it was held that there was no error in denying the motion to continue.

We must, therefore, follow the opinion of the Supreme Court in *State v. Carriker, supra,* and hold that the trial judge erred in denying defendant's motion for a continuance.

[2] Brown, the defendant herein, did not testify at trial. He did, however, offer the testimony of his cousin, Steve Brown. Steve Brown's testimony was calculated to show that he was present during the time of the alleged transaction between

defendant and the undercover agent and that defendant did not sell or deliver any drugs to the agent. The State did not attempt to cross-examine Steve Brown about prior misconduct on his part. After defendant rested, the State was allowed to reopen its case. The State called an undercover agent who, over defendant's strenuous objection, was allowed to testify, in substance, that about one month after the date of the offense being tried, the witness Steve Brown had shown him some marijuana plants he was growing. The judge erred when he overruled defendant's objection to that testimony.

For the reasons stated, there must be a new trial.

New trial.

Judges MORRIS and CLARK concur.