STATE OF NORTH CAROLINA v. CHARLES VERNERD NEAL

No. 8221SC595

(Filed 18 January 1983)

**Criminal Law § 99— court's comment upon verdict in another trial—defendant not entitled to new trial**

Defendant was not entitled to a new trial pursuant to his motion for appropriate relief because the trial judge commented upon a not guilty verdict in the trial of another defendant by telling the jurors, "I don't believe you were listening carefully to the evidence in this case and I caution you that if you're called on another jury, do listen to what the witnesses say because you are the triers of the facts," and three of those jurors were empaneled as jurors in defendant's trial, since (1) the right afforded by G.S. 1-180.1 and G.S. 15A-1239 when the trial judge comments upon a verdict is a continuance for the session, and defendant failed to move for a continuance; (2) a new trial has been excluded by G.S. 1-180.1 as a sanction for a trial judge's comments upon a verdict; and (3) there was no showing that the comments had any effect on the three jurors who served in both cases or that the comments prejudiced defendant's right to a fair trial. Sixth Amendment to the U.S. Constitution; Art. I, Sec. 24 of the N.C. Constitution.

APPEAL by defendant from *Wood, Judge.* Judgment entered 17 March 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 December 1982.

State v. Neal

A criminal jury session of Forsyth Superior Court began on 15 March 1982 and on 16 March 1982 defendant's trial began. On 17 March 1982, defendant was convicted by a jury of the misdemeanor of assault on a female. Judgment was entered on the same date, sentencing defendant to two years' imprisonment. On 24 March 1982, defendant filed a Motion for Appropriate Relief. On 29 March 1982 the motion was heard and denied. On 29 March 1982, defendant filed notice of appeal from the judgment entered 17 March 1982, and also gave notice of appeal from the denial of his Motion for Appropriate Relief. On 30 March 1982, formal order denying Motion was filed.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*Jenkins, Lucas, Babb & Rabil by S. Mark Rabil for the defendant appellant.*

BRASWELL, Judge.

From ten assignments of error the defendant brings forth one argument. He contends that the trial court erred in denying defendant's motion for appropriate relief of a new trial for the sole reason that at the conclusion of a prior jury trial in the same week of court, the trial judge commented upon the verdict to the members of the jury, three of whom later became empanelled as jurors in the present case. Defendant contends that the judge's comments violated G.S. 15A-1239, the Sixth Amendment to the United States Constitution, and Article I, Section 24 of the North Carolina Constitution.

On the first day of the court week, at the conclusion of the first jury trial, and it being the day before the appellant's case began, the record shows the following transpired upon the coming in of the verdict:

> "CLERK: Your verdict will read as follows: 'We, the jury, unanimously find the defendant, Theodore M. Wilson, not guilty.' Members of the jury, is this your verdict so say you all?
>
> (affirmative response)
>
> COURT: All right, I'm going to let you folks go until tomorrow. Let me say this. In view of this question, I don't

believe you were listening carefully to the evidence in this case and I caution you that if you're called on another jury, do listen to what the witnesses say because you are the triers of the facts. I ask you to please do that. Because if you don't listen — these cases are right important cases.

Now, as I recall the evidence there which would have been improper for me to give you my recollection of it because I'm not the trier of the facts, but as I recall the evidence in this case, the officer said that when he came up there, the defendant put his hand in his pocket, that he told him — he put his hand on his shoulder, or arm, and said take your hands out and he took his hands out and the substance dropped to the ground underneath him. But it would have been improper for me to tell you that. That's the way that I heard the evidence.

I say this simply to you, you're going to be on the jury the rest of the week. Do listen carefully. It's important that you do.

(jury excused)"

In the Motion for Appropriate Relief, the attorney for appellant alleges that he did not discover that the presiding judge in the Wilson case, who was the same judge in the appellant's case, had made the comments listed above, until after verdict in the appellant's case. There is no evidence in the record that any juror ever did or said anything in response to the judge's comments, or that any juror was influenced in any manner by the judge's remarks. Defendant contends that his first opportunity to complain about the judge's comments was through the Motion for Appropriate Relief, made within 10 days after verdict. G.S. 15A-1414(b)(3).

No motion for a continuance was made before trial.

The relief sought in the Motion for Appropriate Relief is: "[F]or a new trial because the comments of the trial judge were made in contravention of N.C.G.S. 15A-1239, the VI Amendment of the Constitution of the United States, and Article I, Section 24 of the Constitution of North Carolina."

We hold that G.S. 1-180.1 is controlling and that defendant's argument that we should look only to G.S. 15A-1239 is misplaced.

Both statutes prohibit the trial judge from commenting on the verdict in criminal actions. The Legislature has provided the exclusive remedy for judicial praise, criticism or comment on the verdict by declaring in G.S. 1-180.1 that the prohibited remarks

> "shall constitute valid grounds as a matter of right, for the continuance for the session of any action remaining to be tried during that week at such session of court, upon motion of a defendant or upon motion of the State. The provisions of this section shall not be applicable upon the hearing of motions for a new trial, motions to set aside the verdict of a jury, or a motion made in arrest of judgment."

G.S. 15A-1239 is substantially similar in providing relief by a continuance of the case, but it does not contain any reference to nonapplicability to motions for a new trial, or to set aside the verdict, or arrest of judgment.

G.S. 15A-1239 was adopted in 1977 as part of the Trial Stage and Appellate Procedure Act, S.L. 1977, c. 711. A list of statutes repealed and replaced by the Act is set out in Section 33. G.S. 1-180.1, adopted in 1955, S.L. 1955, c. 200, is omitted from the list, and has not been repealed, and is still in effect. It has not been repealed by implication. *Commissioner of Insurance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324 (1978).

When reconciled, the two statutes do not conflict. The right afforded by each statute is a motion for a continuance. Ignorance of a factual basis on which to move for a continuance affords no relief once the trial has begun.

Neither does the post-trial procedure of motion for appropriate relief rescue the appellant. Defendant in his brief places his reliance upon G.S. 15A-1414(a)(b)(3) as his basis for a new trial: "For any other cause the defendant did not receive a fair and impartial trial." This statute is designed for "relief for any error committed during or prior to trial," and must be made not more than 10 days after entry of judgment. While the motion was in apt time and concerns a matter prior to trial, the defendant has failed to show error. By the motion, and in the brief, the relief sought is a new trial. A new trial has been excluded from the sanctions available in G.S. 1-180.1 upon comment on the verdict by a judge, by saying that the right to a continuance "shall not be applicable upon the hearing of motions for a new trial."

Our civil procedure is consistent with the criminal procedure. G.S. 1A-1, Rule 51(c) of the Rules of Civil Procedure concludes with, "[t]he provisions of this section [judge not to comment on verdict] shall not be applicable upon the hearing of motions for a new trial . . . ." The sole civil remedy is a motion for a continuance.

In his overview comments upon the Trial Stage and Appellate Procedure Act, which became codified as G.S. 15A-1, *et seq.*, Allen A. Bailey, Chairman of the Criminal Code Commission pointed out that:

> "Unlike the Pretrial Criminal Procedure Act which effected numerous changes in prior procedure, the Trial Stage and Appellate Procedure Act is primarily a codification of the procedures developed by case law and an attempt to make them uniform. Bailey, 'Trial Stage and Appellate Procedure Act: An Overview', 14 Wake Forest L. Rev. 899 at 900 (1978)."

Although G.S. 15A-1239 covers the subject matter of judicial comment upon the verdict, nowhere does it prohibit or forbid comment. It only allows a relief valve of a continuance, if desired to be used. It does not command that any motion for a continuance be made. This view is expressed by James R. Van Camp, a member of the Code Commission, and Douglass R. Gill, a consultant to the Commission:

> "It is important to note that the right to a continuance in the event that the judge does comment on a verdict is not automatic; the defendant who wishes a continuance must make a motion for it. Van Camp and Gill, 'The Trial,' 14 Wake Forest L. Rev. 949 at 954 (1978)."

There is a waiver of the right to make a motion for a continuance by failing to make it prior to trial, and by asking for a new trial in a post-trial motion, based on alleged error under G.S. 15A-1239 and G.S. 1-180.1. *See, State v. Brown,* 300 N.C. 41, 46, 265 S.E. 2d 191, 195 (1980); *State v. Carriker,* 287 N.C. 530, 535, 215 S.E. 2d 134, 138 (1975).

In the trial judge's handling of the motion for appropriate relief, the record fails to show any abuse of discretion by the findings or denial of the motion. *State v. Batts,* 303 N.C. 155, 277 S.E.

2d 385 (1981); *State v. Watkins*, 45 N.C. App. 661, 263 S.E. 2d 846, *cert. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980). Appellant failed to provide the trial court with factual information that would reveal he was entitled to the relief of a new trial, or any other relief.

Concerning the constitutional question raised by the defendant under the motion for appropriate relief, the response in the State's brief, p. 12, points out:

"Appellant did not cite, nor has the State's review of cases related to the issue presented located, any holding by the appellate courts declaring all remarks by the trial court to be so prejudicial to the administration of justice as to constitute reversible error *per se*."

In the *Carriker* case, *supra*, at 532, in discussing the question, the Supreme Court referred to the general rule as "stated in Annot., 89 A.L.R. 2d 197, 234, as follows: '. . . [T]he rule appears to be that the practice of addressing the prospective jurors does not of itself constitute reversible error . . . .'"

After discussing the fair trial aspect of the question of judicial remarks, the Court in *Carriker*, *supra*, at 535, held that "[I]n order to obtain the benefit of the statute [G.S. 1-180.1] a defendant must, as defendant did in this case, move for a continuance."

The Supreme Court, in *State v. Perry*, 231 N.C. 467, 471, 57 S.E. 2d 774, 777 (1950), calls to our attention that the objectionable language must be viewed "in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." The appellant sought, and was given, an evidentiary hearing post-trial, on the subject of whether he received a fair and impartial trial because of the alleged improper judicial comment to jurors. Other than the judge's pretrial words themselves, the record is devoid of any statement, impression, feeling, belief, reaction or conclusion of any of the three jurors who served in both cases, that the remarks had any effect on them. From the face of the comment itself, even if it be an ill-advised expression of instructions to the jury panel, there is no

showing that the remarks "had a prejudicial effect on the result of the trial." *Perry, supra,* at 471.

To constitute reversible error, upon a review of a motion for appropriate relief, the appellant has a duty to show "the language complained of might have so affected the prospective jury panel that it was likely defendant would be deprived of a fair and impartial trial." *Carriker, supra,* at 535. While impressed with the many principles of law argued in appellant's brief, we hold they do not fit the facts of this case.

In the appeal from the judgment on the jury verdict and from the denial of the motion for appropriate relief, we find no error.

Affirmed.

Judges ARNOLD and JOHNSON concur.